Robertson, J.
delivered the opinion of the Court.
The petitioner applies for a mandamus, or as his prayer is now modified by his counsel, for a rule upon the Circuit Court of Law and Chancery for the county of Henrico and City of Richmond, to shew cause why a mandamus should not be awarded, commanding that Court to remove a cause from its docket, and direct an execution to be issued, to which he conceives himself entitled.
An action of debt was instituted in that Court by the petitioner in July 1843, against several defendants. Process having been duly served upon one of the defendants, Thomas R. Blair, and he failing to appear, a conditional judgment was entered against him at the October rules, which was confirmed at rules in November. No proceedings appear to have taken place at the term next succeeding: but at the term thereafter, held in June 1844, it was ordered on the motion of the de *576 fendant, that the judgment obtained in the office be set aside; and it appearing that the case had been continued by the clerk on the docket, and that the defendant had at the preceding term tendered the plea of payment, for the purpose of setting aside the office judgment, which the clerk had inadvertently omitted to enter, it was also ordered that an entry be made nunc pro tunc, of the said plea, to the end that an issue might be made and a trial had between, the parties. By the last entry appearing on the transcript of the record before us, it seems that the cause was continued at May term 1845, and therefore, as we must infer, is actually pending at this time in the Circuit Court.
Whether the proceedings subsequent to the confirmation of the office judgment, by which the cause has been thus reinstated, were within the legal competence of the Court, or were, as the petitioner contends, coram non judice, and therefore wholly void, is a question this Court declines deciding; it not being in their opinion necessary to a decision upon the application now submitted.
If the Circuit Court might legally entertain the motion of the defendant to set aside the office judgment, this Court would not consider it proper to interfere by way of mandamus, even though in its judgment the order made Avas clearly erroneous. If regularly before the Court, the cause must take the regular course to final judgment ; when either party deeming himself aggrieved by such judgment, or other proceedings, may seek his remedy by appealing to that tribunal which in all such cases has the appropriate and supreme jurisdiction. The delay anticipated from a resort to that tribunal, affords in our opinion no sufficient reason for the intervention of this Court. Nor do we perceive that this delay is likely to be diminished by such intervention ; since whether this Court should award or refuse the mandamus, the unsuccessful party might still carry the case to the Court of ultimate resort; thus adding the delays of an *577 additional Court to those which might be incurred by a direct resort to the Court of Appeals.
So far upon the supposition that the proceedings in the Circuit Court subsequent to the office judgment, were within the competency of that Court.
But the petitioner himself rests his application mainly if not solely upon the alleged want of legal power in the Circuit Court to reinstate the cause, or take any further action therein after the confirmation of the conditional judgment. And if the intervention of this Court by way of mandamus resulted as a necessary consequence from the absence of such power, a deliberate consideration of that question would become indispensable. But such consequence does not ensue in their opinion, conceding, what they do not mean to decide, that all the proceedings subsequent to the office judgment were irregular and void.
It is a general principle, that a writ of mandamus should not be awarded in any case admitting of another legal remedy. Now in the present case there seem to be two remedies, either of which is at the election of the petitioner. He may wait, as in other cases, until the Court, now assuming or entertaining jurisdiction over the cause in question as one actually pending, shall proceed to filial judgment. Whether that judgment be for him or against him he may seek an appeal, upon the ground that he was entitled to the benefit of the original judgment obtained in the office, and that all subsequent proceedings were void. To this, it is objected that the benefit of the original judgment, at least so far as respects the lien, might be lost if this course were pursued, owing to the inability of the plaintiff to enforce that judgment, or have it recorded under the act of 3d March 1843. This objection proceeds on the supposition that all proceedings since the office judgment are null and void. This Court does not feel warranted in saying that such would bo the necessary con *578 sequence, upon a reversal by the Court of Appeals of ah proceedings subsequent to the office judgment: that lien might be adjudged as existing from the date of the judgment, notwithstanding the failure to have it recorded, arising from the supposed illegal action of the Circuit Court: or notwithstanding the supposed illegal proceedings, the petitioner might require the clerk to record the office judgment, to avail in case the nullity of those proceedings should be established, and in case of his refusal, might apply for a compulsory order to the Circuit Court, and for a mandamus upon the Court itself in case of its refusal to make such order. But if no such remedy could be had, this Court does not consider itself bound or authorized upon that ground to award the mandamus prayed for. They think it more proper to leave the party where the law has left him than to attempt to aid him in asserting or sustaining the lien he claims by the course he has selected. The award of a mandamus, were this Court of opinion that the lien would otherwise be lost, would not necessarily establish or preserve it. Not only might their .judgment be reversed, but for aught they can perceive, the appellate Court might on an appeal from such judgment, or from the final judgment to be entered in the Circuit Court, distinguish the case from those which are supposed to establish the irregularity of the proceedings complained of, and affirm their entire legality.
But besides the remedy by appeal from the judgment when finally entered, the petitioner has, in the opinion of the Court, another legal and specific remedy for the grievance of which he complains; assuming that the ground he takes of the utter nullity of all proceedings subsequent to the office judgment is correct. That remedy is by application to the Circuit Court to award him an execution upon the office judgment which he affirms to be final. It is no objection to say that the Court having set that judgment aside, will most proba *579 bly refuse such an application. No Court can be consi- -> 7 iin. .. • , 7 dered as pledged to continue in error, when such error can be shewn j and if it really exist, the law has still placed in the hands of the party aggrieved a further and adequate remedy by appeal to the Court of final resort, in case the Circuit Court should persist in refusing him process to which he may be legally entitled.
Upon the whole, the Court—Judge Johnson doubting only as to the right of the petitioner to appeal from a judgment of the Circuit Court overruling a motion for execution on the office judgment, made during the pendency of the cause, now on its docket—are unanimous in the opinion, that neither the mandamus nor the rule prayed for by the petitioner should be awarded; and the same are accordingly refused.
The application for a mandamus rejected.